UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE BOLDEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5726** |
| **JANORRIS BOMMERY** | **SECTION "D"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

### I.  Petitioner's Claims are Considered Under 28 U.S.C. § 2241

The writ of habeas corpus protects "individuals against erosion of their right to be free from wrongful restraints upon their liberty." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Under both 28 U.S.C. § 2254 and § 2241, a petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). Section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)). This provision applies when the petitioner is contesting "the legality of his conviction or the validity of his initial sentence." *Richie v. Scott*, 70 F.3d 1269, 1995 WL 696845 (5th Cir. 1995). Under § 2241, however, the federal

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

courts have general jurisdictional to consider habeas corpus challenges to state and federal detention that do not directly implicate the validity of the underlying conviction and sentence. *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991). Therefore, a petition for writ of habeas corpus that "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration," including revocation of parole and reinstatement of a sentence term, is properly considered under the general habeas authority of § 2241. *See Richie*, 1995 WL 696845, at *1 ("Habeas petitions challenging the revocation of the petitioner's parole sound under § 2241.").

For these reasons, although Bolden used the form reserved for § 2254 petitions, the Court will consider his *pro se* petition for habeas corpus relief under the provisions applicable to § 2241 petitions.[2]

## II.     Proper Venue

Bolden initially filed his form § 2254 federal petition with the United States District Court for the Middle District of Louisiana, the district in which the Louisiana Parole Board sits and the locale of the 19th Judicial District, East Baton Rouge Parish, to which Bolden initially sent his documents. *See* ECF No. 1 at 14 (Deficient Original Petition). The Middle District transferred the matter to this Court because Bolden's original conviction occurred within this district in St. John the Baptist Parish. ECF No. 2.

---

[2] The Fifth Circuit recently revisited the distinctions between § 2254 and § 2241, and determined that § 2241 was the appropriate avenue to challenge to the revocation of parole in Louisiana, *see Galbraith v. Hooper*, 85 F. 4th 273 (5th Cir. 2023). The court also determined that Louisiana's administrative review process did not apply to parole revocations, something addressed later in the Report and Recommendation. However, the Fifth Circuit recently withdrew the opinion, *see Galbraith v. Hooper*, No. 22-30159, 2024 WL 1170026, at *1 (5th Cir. Mar. 19, 2024), and no new opinion has been issued.

Section 2241(d) allows a state prisoner, like Bolden, who is held in a state with multiple federal districts, like Louisiana, to file a federal habeas corpus petition either in the district where he is confined or where he was convicted. *Wadsworth*, 235 F.3d at 960-61. In § 2241(d) cases, federal courts have ordinarily held that the most appropriate venue for challenges to the execution or implementation of the sentence is the district where the petitioner is in custody, and challenges to the legality of the conviction or sentence are best heard in the district where the state conviction and sentencing occurred. *Story*, 920 F.2d at 1250-51; *see Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a § 2241 petition challenging the execution of a sentence "must be filed in the same district where the prisoner is incarcerated."); *Frees v. Maye*, 441 F. App'x 285, 286 (5th Cir. 2011) (same). The Fifth Circuit has explained the basis for the choice of venue as one of convenience:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses . . . . Section 2241(d) militates in favor of filing the applicant's petition in . . . the division where the witnesses are located, rather than in . . . the division in which the applicant is confined. *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Bolden was convicted in St. John the Baptist Parish within this district in 1991, and is currently confined in the Bayou Correctional Center in Madison Parish within the Western District of Louisiana. His petition, however, challenges the decision of the Louisiana Parole Board, an entity headquartered in East Baton Rouge Parish within the Middle District, to revoke his parole and reinstate portions of his original sentence. Nevertheless, this Court is one of the possible venues recognized under § 2241(d). Accordingly, this court may be a proper venue and has authority to consider Bolden's federal habeas petition challenging his parole revocation under either § 2241 or § 2254. *See Carmona*, 357 F.3d at 535 (addressing venue as applied to § 2254 habeas petition challenging petitioner's parole revocation by the Louisiana Board of Parole).

## III.     Factual and Procedural Background

On February 26, 1991, was charged by Bill of Information in St. John the Baptist Parish with one count of aggravated rape, one count of armed robbery, and two counts of aggravated kidnapping.[3] On December 7, 1992, the first count was reduced to forcible rape and Bolden entered a plea of guilty.[4] After waiver of legal delays, the state trial court sentenced Bolden to serve 40 years in prison.[5] The balance of the charges were dismissed.[6] On July 12, 1995, in response to Bolden's motion to reconsider the sentence, the court resentenced Bolden to clarify that he was sentenced to serve 40 years in prison with the first two years to be served without probation, parole, or suspension of sentence.[7]

At some point not apparent from the record, Bolden was released on parole. Bolden later was arrested in St. John the Baptist Parish on May 30, 2019,[8] and later charged on July 26, 2019, in separate Bills of Information in Case 2019-CR-194 with one count of second degree rape and one count of false imprisonment.[9] While already in jail, he was arrested on May 31, 2019,[10] and eventually charged on October 26, 2020, by Bill of Information in Case 2020-CR-347 with one count of home invasion.[11] On December 14, 2020, the state trial court held hearings in both cases at which the State entered nolle prosequi as to each count charged stating that the victims were uncooperative.[12]

---

[3] ECF No. 27 at 1, Minutes Report – Charges, 3/19/91; *id*. at 7, Plea Transcript, 12/7/92.
[4] *Id*.
[5] *Id*. at 13.
[6] *Id*. at 13-14.
[7] *Id*. at 4, Minute Entry, 7/12/95.
[8] ECF No. 23 at 3, Arrest Date on Bill of Information, 5/30/19; *id*. at 15, Arrest Date on Bill of Information, 5/30/19.
[9] ECF No. 23 at 4, Bill of Information, 7/26/19; *id*. at 16, Bill of Information, 7/26/19.
[10] ECF No. 24 at 4, Arrest Date on Bill of Information, 10/26/20.
[11] *Id*. at 5, Bill of Information, 10/26/20.
[12] *Id*. at 1, Minute Entry, 12/14/20; ECF No. 23 at 2, Minute Entry, 12/14/20.

Several months later, on April 8, 2021, the Louisiana Board of Pardons and Parole revoked Bolden's parole in connection with the 1992 criminal conviction for forcible rape.[13] In their written remarks, one Board member referenced the record and a witness at the hearing, and two of the Board members referenced Bolden's arrest for second degree rape and kidnapping with one noting "even though the charges refused facts confirm violation."[14] The record contains no indication that Bolden sought review of this decision in any state court.[15]

## IV. Federal Petition

Broadly construing the arguments in this federal habeas petition, Bolden alleges that because the 2019 charges were dismissed, he had a technical parole violation which should have resulted in jail confinement for no more than 10 days.[16] Instead, the Parole Board revoked his parole and remanded him to prison to serve half of his remaining parole time when he had no other technical violations during the six years and four months he was released.[17]

The State filed an answer and memorandum in opposition arguing that Bolden did not exhaust available state court review as required before seeking federal habeas relief.[18] The State argues that Bolden did not follow the procedure outlined in La. Stat. Ann. § 15:574.11 for appealing a Parole Board decision to the 19th Judicial District Court nor has he filed for review in the Louisiana First Circuit Court of Appeal, the Louisiana Fourth Circuit Court of Appeal, or the

---

[13] ECF No. 25 at 2-3, Parole Revocation Decision, 4/8/21.
[14] *Id.* at 3.
[15] *See* ECF No. 26, ¶4-¶5, at 2.
[16] In his attached papers, he cites "899.1" which he claims is a Louisiana administrative statute that provides for various sanctions available for technical parole violations. *See* ECF No. 9 at 14.
[17] *Id.*, ¶12, at 4-5.
[18] ECF No. 26; ECF No. 26-1 at 2; *see also* ECF No. 18.

Louisiana Supreme Court.[19]  The State urges that the petition be dismissed for Bolden's failure to exhaust.

## V.        **Exhaustion – State Court Remedies Not Available**

The State asserts that Bolden has not exhausted state court review of his claims that his parole was improperly revoked.  To seek relief under § 2241, a petitioner must have exhausted all *available* state remedies before bringing his claims to a federal habeas court.  *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *see also Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) ("'The exhaustion of administrative remedies doctrine requires not that only administrative remedies selected by the complainant be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts.' ").  The exhaustion doctrine is applied to § 2241(c)(3) as a matter of comity and is based on federalism grounds to protect the state court's opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, as well as to limit federal interference in the state adjudicatory process.  *Dickerson*, 816 F.2d at 225.

The Court first looks to the remedies *available* to Bolden under state law.  Louisiana law allows judicial review of a Parole Board decision *only* when the parolee alleges that he was denied either a revocation hearing or the procedural due process protections specifically afforded by La. Stat. Ann. § 15:574.9.  *See* La. Stat. Ann. § 15:574.11; *Moore v. Louisiana Parole Board*, 369 So. 3d 415, 418 (La. App. 1st Cir. 2023).  Here, Bolden does not claim in his petition that he was

---

[19] ECF No. 26-1 at 2, 3.

denied a revocation hearing. The record in fact shows that Bolden appeared for a revocation hearing on April 8, 2021. Bolden also does not claim that he was denied during the hearing any procedural protections afforded him under La. Stat. Ann. § 15:574.9. Bolden instead claims that the Parole Board's decision was erroneous and that he should have been found only in technical violation of his parole, which would have greatly reduced the length of his imprisonment.

Thus, under the plain language of the Louisiana statutory provisions, Bolden had *no* right to appeal the merits of his revocation. There was no "available" state court or administrative review for him to exhaust. Judicial review of Bolden's claims is "clearly not allowed" under Louisiana law. *Leach v. Louisiana Parole Board*, 991 So. 2d 1120, 1125 (La. App. 1st Cir. 2008). When, as is apparently the case here, there is an "absence of available State corrective process," then the exhaustion requirement is excused. *Hass v. Kaufman Cnty. Sheriff's Dep't*, No. 23-2032, 2023 WL 9065083, at *1 (N.D. Tex. Oct. 30, 2023) (citing *Deters*, 985 F.2d at 795); *see also* 28 U.S.C. § 2254(b)(1)(B)(i); *Holland v. Anderson*, 230 F. App'x 374, 378 n.2 (5th Cir. 2007); *Green v. Patterson*, 370 F.2d 560 (10th Cir. 1966); *Garvey v. Casson*, 423 F. Supp. 68, 70 (D. Del. 1976). Therefore, Bolden had no available state process to exhaust before presenting the claims asserted in his federal habeas petition.[20] The State's exhaustion defense must be rejected.

## VI.   Analysis of the Merits of Bolden's Claims

This Court reviews *de novo* a petitioner's claims asserted under § 2241. *See Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011) (as a matter of first impression, affirmed the district

---

[20] Even if some avenue of exhaustion exists, a federal court has the authority to deny habeas claims on the merits, regardless of whether petitioner exhausted state court remedies. *Cf.* 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998); *Woods v. Cain*, No. 06–2032, 2008 WL 2067002, at *8, n.8 (E.D. La. May 13, 2008).

court's application of a *de novo* review of petitioner's state court proceedings). In doing so, the Court finds that Bolden's claims are without merit.

Broadly construing his claims, Bolden argues that the Parole Board should not have returned him to prison to serve the remainder of his sentence because he was only in technical violation of his parole which required only a few days in jail.[21] He bases this conclusion on his belief that his parole violation was only technical as a result of the dismissal of the 2019 felony charges that formed the basis of the violation.

The Parole Board's decision does not indicate that there was only a technical violation as defined by Louisiana law. Pursuant to La. Stat. Ann. § 15:574.9(H)(2), a "technical violation", means any parole violation *except* those specifically listed in the statute. Among the non-technical violations listed are: "An allegation of a criminal act that is subsequently proven to be a felony." La. Stat. Ann. § 15:574.9(H)(2)(a). Bolden was charged with two felonies in 2019, second degree rape and false imprisonment, and the Board relied on those charges to unanimously revoke his Parole. As mentioned above, the Board members noted that their decisions were based on his arrest on those new charges, "the case documentation, witness at hearing," and "even though the charges refused facts confirm violation."[22] The revocation was not deemed technical and could not have been under the statutory language in § 15:574.9(H)(2). *See Gonzales v. State*, 117 So. 3d

---

[21] The sentences for technical parole violations are provided in La. Stat. Ann. § 15:574.9(H)(1)(a):
H. (1)(a) Any offender who has been released on parole and who has been determined by the committee on parole to have committed a technical violation of the conditions of parole, shall be required to serve the following sentences:
(i) For the first technical violation, not more than fifteen days.
(ii) For a second technical violation, not more than thirty days.
(iii) For a third technical violation, not more than forty-five days.
(iv) For a fourth or subsequent technical violation, not more than ninety days.
(v) For custodial substance abuse treatment programs, not more than ninety days.
[22] *Id*. at 3.

514, 517 (La. App. 1st Cir. 2013) (finding that the Parole Board could rely on parolee's arrest on two felony charges to deny him first offender technical violation status even though the charges were all dismissed).

Furthermore, when the Louisiana Parole Board revokes parole, the parolee "shall be returned to the physical custody of the Department of Public Safety and Corrections . . . and serve the remainder of his sentence as of the date of his release on parole, and any credit for time served for good behavior while on parole." La. Stat. Ann. § 15:574.9(F). Thus, any claim by Bolden that the Board could not return him to jail to serve out the remainder of his sentence is meritless.

To the extent Bolden contends that there was insufficient evidence for the Parole Board to revoke his parole, that contention also has no merit. Where a petitioner challenges the sufficiency of the evidence to support a parole revocation, a federal habeas court need "inquire only whether there is some evidence to support the revocation decision." *Moore v. Hargett*, No. 94-80844, 1995 WL 450256, at *1 (5th Cir. Jul. 7, 1995); *Callahan v. Quarterman*, No. 07CV0746, 2008 WL 2123748, at *2 (N.D. Tex. May 19, 2008); *Williams v. Director, TDCJ-CID*, No. 07cv67, 2007 WL 2408529, at *5 (E.D. Tex. Aug.21, 2007). In this case, the evidence was clearly sufficient to prove that Bolden had been arrested in 2019 on felony charges of second degree rape and kidnapping. Under Louisiana law, cited above, this was sufficient reason for the Board to revoke his parole.

For the foregoing reasons, Bolden's challenges to his parole revocation and current detention are without merit, and he is not entitled to federal habeas relief.

## VII.     Recommendation

It is **RECOMMENDED** that Bolden's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and construed as seeking relief under § 2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[23]

New Orleans, Louisiana, this 2nd day of April, 2024.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[23]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

10